UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRANCO MEDINA, INDIVIDUALLY AND ON BEHALF OF
THOSE SIMILARLY SITUATED.

**COMPLAINT**

Plaintiffs,

-against-

RICARDOS MECHANICAL, INC., EDISON MOORE, LUANN
WILLIAMS MOORE

Defendants.
------------------------------------------------------------------X

## JURISDICTION AND VENUE

1. This action arises under the Fair Labor Standards Act ("FLSA"), §29 U.S.C. 201 et. seq.

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §216. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York according to 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

4. Plaintiff FRANCO MEDINA resides in 160 Newman Street, Brentwood, New York, 11717.

5. On information and belief, Defendant Ricardos Mechanical Inc. ("Ricardos") is a New York State domestic corporation conducting business in the State of New York, and is doing business at 4303 Avenue K, Brooklyn, New York, 11210.

6. On information and belief, defendant Edison Moore ("Mr. Moore") is an individual who resides at 4303 Avenue K, Brooklyn, New York, 11210 and owns all or part of Ricardos and was the supervisor of the Plaintiff during all times material hereto.

7. On information and belief, defendant Luann Williams Moore ("Mrs. Moore") is an individual who resides at 4303 Avenue K, Brooklyn, New York, 11210 and owns all or part of Ricardos and was the supervisor of the Plaintiff during all times material hereto.

## BACKGROUND FACTS

8. Defendant Ricardos is an "employer" under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

9. Ricardos is a Heating Ventilation Air Conditioning service and installation company.

10. On information and belief, Ricardos, is owned and controlled by defendants Mr. Moore and Mrs. Moore.

11. Plaintiff engaged in interstate commerce within the meaning of the FLSA by regularly using

the instrumentalities of interstate commerce to perform work, which was directly essential to defendants' business, including the installation and service of commercial and residential heating and cooling systems. Plaintiff performed services in the State of New York and New Jersey. Plaintiff would install HVAC equipment that was manufactured outside the State of New York and used in the State of New York, would utilize vans to transport such equipment and tools, and would utilize cellular telephones to communicate with other employees of Ricardos.

12. At all relevant times herein, Defendant Ricardos had, the authority to:

   i. Hire employees of Ricardos.

   ii. Fire employees of Ricardos.

   iii. Set wages for employees of Ricardos.

   iv. Maintain payroll records for employees of Ricardos.

13. At all relevant times herein, Defendant Mr. Moore had, the authority to:

   v. Hire employees of Ricardos.

   vi. Fire employees of Ricardos.

   vii. Set wages for employees of Ricardos.

   viii. Maintain payroll records for employees of Ricardos.

14. At all relevant times herein, Defendant Mr. Moore had the authority to:

   ix. Hire employees of Ricardos.

   x. Fire employees of Ricardos.

   xi. Set wages for employees of Ricardos.

   xii. Maintain payroll records for employees of Ricardos.

15. During all times material hereto, Ricardos served customers outside of the State of New York, purchased goods and services from outside of the State of New York and transported goods from inside the State of New York to areas outside the State of New York.

16. Defendant Ricardos' annual revenues exceed $500,000 for the years 2015.

17. Defendant Ricardos' annual revenues exceed $500,000 for the years 2014.

18. Defendant Ricardos' annual revenues exceed $500,000 for the years 2013.

19. The business activities of the Ricardos are related and performed through unified operation or common control for a common business purpose.

20. Since starting employment, Ricardos computed Plaintiff's workweek for purposes of

    computing payroll beginning on Friday and ending on Thursday of each week.

21. Defendants failed to keep accurate and sufficient payroll and time records, as required by law.

22. On information and belief, Defendants willfully violated the FLSA by refusing to pay overtime to its employees when they worked over 40 hours in a workweek even after the employees complained of the violations.

23. Plaintiff worked as an HVAC technician who engage in the following duties: Repair HVAC equipment, install HVAC equipment, and transport equipment for the installation and repair of HVAC equipment.

PLAINTIFF Franco Medina:

24. Ricardos hired Plaintiff Medina on or about May 5, 2014.

25. Plaintiff Medina was employed by Ricardos in the 2014 calendar year.

26. Plaintiff Medina was employed by Ricardos in the 2014 calendar year.

27. Ricardos terminated Plaintiff Medina on or about February 11, 2016.

28. At all relevant times herein, Plaintiff MEDINA was not exempt from the FLSA.

29. At all relevant times herein, Plaintiff MEDINA did not have the authority to hire or fire employees, did not supervise employees, and did not use his independent judgment or discretion while working for Ricardos.

30. Plaintiff MEDINA regularly worked Monday through Friday.

31. Plaintiff Medina regularly worked from 7:00 am to 7:00 pm each day of work, totaling 60 work hours per week.

32. Ricardos paid Plaintiff Medina $20.00 per hour.

33. Approximately every other week, Plaintiff MEDINA worked on Saturday.

34. When working on Saturday, Plaintiff Medina worked approximately 12 hours.

35. Defendants did not have any time keeping system in place to record Plaintiff's work hours.

36. Defendants failed to pay Plaintiff MEDINA overtime pay at a rate of 1.5 times his regular hourly rate of pay for any hours worked in excess of 40 hours in the workweek.

37. Defendants failed to pay Plaintiff Medina any compensation for the hours worked in excess of 40 hours in a workweek.

38. Defendants would pay Plaintiff Medina for 40 hours of work at $20.00 an hour, regardless of the hours worked in excess of 40 hours, unless Plaintiff Medina took a day off from work during the week, in which case, Ricardos would reduce Plaintiff Medina's hours worked by 8 hours for each day he was not working.

39. On several occasions Plaintiff Medina complained to Ms. Moore about the Defendants

improper pay practices.

40. The first time Plaintiff Medina complained to Ms. Moore was about not being paid for the time spent driving from the location where Plaintiff Medina was required to pick up the work van, and the travel time back to the yard.

41. The second time Plaintiff Medina complained was a complaint to Mrs. Moore where Plaintiff complained about not being paid for all hours worked.

42. The third time Plaintiff Medina complained was for not being paid overtime.

43. Mrs. Moore told Plaintiff Medina that Mr. Moore does not pay his employees overtime.

44. Approximately 1 month prior to being terminated, Plaintiff Medina told Mrs. Moore that they need to create a system to track the work hours better so the pay is correct.

45. Plaintiff Medina was terminated 1 month after his complaint about wage violations.

46. On information and belief, Plaintiff Medina was terminated in retaliation for his complaining about his wages.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Failure to pay overtime)
### (Fair Labor Standards Act & NYLL)

47. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

48. Defendants failed to compensate Plaintiffs with overtime premium pay for hours worked in excess of 40 per week.

49. Pursuant to the FLSA & NYLL, Plaintiffs are entitled to one and one-half of their regular rate of pay for all hours worked in excess of 40 hours per workweek.

50. Defendants willfully refused and failed to compensate Plaintiffs for overtime work, causing damage to Plaintiffs.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Wage Theft Prevention Act Notice)
### (NYLL)

51. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

52. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiffs with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal,

   or lodging allowances;

  iii. the regular pay designated by the employer in accordance with NYLL §191;

  iv. the name of the employer;

  v. Any "doing business as" names used by the employer;

  vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

  vii. The telephone number of the employer.

53. Due to Defendants' violation of NYLL §195, Plaintiffs are each entitled to recover from Defendants liquidated damages of $50 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys fees, and costs and disbursements of this action, pursuant to NYLL §198(1-b).

### AS AND FOR A THIRD CAUSE OF ACTION
### Retaliation
### (NYLL 215(A) & FLSA §215(a)(3))

54. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

55. Pursuant to the FLSA & NYLL, Plaintiff Medina had a right to remain free from retaliation.

56. Plaintiff Medina complained about his employer's improper pay practices and non-payment of wages and overtime.

57. In retaliation for making a complaint to his employers, Plaintiff Medina suffered an adverse employment action in that he was terminated.

58. By Defendants terminating Mr. Medina, Plaintiff suffered harm.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Failure to pay wages
### (NYLL 215(A) & FLSA §215(a)(3))

59. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

60. Pursuant to NYLL 191, Plaintiff Medina is entitled to be paid within the statutory time frame set forth in the NYLL.

61. Defendants failed to pay Plaintiff any wages for hours worked over 40 in violation of the NYLL.

62. By Defendants failure to pay Plaintiff Medina his wages, Plaintiff suffered harm.

<u>JURY DEMAND</u>

63. Plaintiffs demand trial by jury.

WHEREFORE, Plaintiffs respectfully pray that this Court enter a judgment:

    i. Directing Defendants to pay Plaintiff the full value of all unpaid overtime premiums to Plaintiff for hours worked in excess of Forty (40) hours in a workweek pursuant to 29 U.S.C. §201 et. seq. and New York Labor Law;

    ii. Directing Defendants to pay Plaintiff all unpaid wages due to Plaintiff for hours worked and not paid & and all wages and the value of benefits lost as a result of Defendants unlawful retaliation against Plaintiff Medina.

    iii. Directing Defendants to pay Plaintiff additional amounts as liquidated damages due to Defendants' willful failure to pay the minimum wage pursuant to both 29 U.S.C. § 201 et. seq. and the New York Labor Law;

    iv. Directing Defendants to pay damages to Plaintiff under the Wage Theft Prevention Act of $50 per workweek, up to $2,500 per plaintiff, plus reasonable counsel fees, and costs, and disbursements for each cause of action under the Wage Theft Prevention Act;

    v. Directing Defendants to pay Plaintiff's costs and attorneys fees, pursuant to the FLSA and New York Labor Law;

    vi. Directing Defendants to pay prejudgment interest, postjudgment, interest, costs and disbursements, and such other and further relief as this Court deems just and equitable.

Dated:   Westchester, NY
            March 22, 2016

By: _____
Jordan El-Hag (JE3360)
Attorney for Plaintiffs
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 755-1579 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com

6