UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FRANCO MEDINA, INDIVIDUALLY AND ON
BEHALF OF THOSE SIMILARLY SITUATED,

                                      Civil Action No.: 1:16-cv-01407-NGG-JO
                                   ANSWER AND AFFIRMATIVE DEFENSES

       Plaintiffs,

v.

RICARDOS MECHANICAL, INC., EDISON MOORE,
LUANN WILLIAMS MOORE,

       Defendants.
-----------------------------------------------------------x

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, RICARDOS MECHANICAL, INC., EDISON MOORE, and LUANN WILLIAMS MOORE ("Defendants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure, hereby file their Answer and Affirmative Defenses to the Plaintiff's Complaint, and states as follows:

1. Unknown therefore denied.

2. Admitted for jurisdiction only. Otherwise denied.

3. Admitted for venue purposes only. Otherwise denied.

4. Unknown therefore denied.

5. Unknown therefore denied as to the content of Plaintiff's information and belief.

6. Unknown therefore denied as to the content of Plaintiff's information and belief.

7. Unknown therefore denied as to the content of Plaintiff's information and belief.

8. Legal conclusion not requiring admission or denied. To the extent that this allegation must be admitted or denied, it is denied.

9.  Admitted.

10. Unknown therefore denied as to the content of Plaintiff's information and belief.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Legal conclusion not requiring admission or denied. To the extent that this allegation must
    be admitted or denied, it is denied.

29. Denied with regard to independent judgment.

30. Admitted that Plaintiff generally, but not always, worked Monday through Friday.

31. Denied.

32. Admitted.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Defendants re-aver their answers to Paragraphs 1 through 46 above as though fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. Defendants re-aver their answers to Paragraphs 1 through 50 above as though fully set forth herein.

52. Denied.

53. Denied.

54. Defendants re-aver their answers to Paragraphs 1 through 53 above as though fully set forth herein.

55.  Legal conclusion not requiring admission or denied. To the extent that this allegation must be admitted or denied, it is denied.

56. Denied.

57. Denied.

58. Denied that Plaintiff was terminated, is entitled to compensation, or has suffered any harm.

59. Defendants re-aver their answers to Paragraphs 1 through 58 above as though fully set forth herein.

60. Legal conclusion not requiring admission or denied. To the extent that this allegation must be admitted or denied, it is denied.

61. Denied.

62. Denied.

63. This is not an allegation requiring admission or denial; to the extent that admission or denial is required, it is denied.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, Defendants state:

1. Defendants had a reasonable, good faith belief that they were not violating the FLSA and/or New York Labor Law, and are therefore not liable for liquidated damages.

2. Plaintiff's claims are barred because Defendants acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations

of the Administrator of the Wage and Hour Division of the Dept. of Labor.

3. Plaintiff's claims are barred to the extent that any hours worked by the Plaintiff over forty-eight hours in any particular workweek was without knowledge, either actual or constructive of the Defendants.

4. To the extent Plaintiff obtains any recovery based on any FLSA claim, Plaintiff's claims for attorney's fees and costs are barred based on the authority of <u>Goss Killian v. Oaks House of Learning</u>, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

5. Plaintiff's claims for damages, if any, are barred because Defendants at all times acted in good faith and had reasonable grounds for believing that all policies and practices were not violations of the FLSA and/or New York Labor Law.

6. The claims asserted by Plaintiff are barred by the doctrines of estoppel and/or estoppel by silence to the extent that Plaintiff actually worked hours in excess of those which are known to Defendants, inasmuch as Defendants are unaware of Plaintiff having worked any amount of hours even approaching the number alleged in the Complaint.

7. Defendants are entitled to a set off for any money received by Plaintiff by virtue of any collateral source benefits, including but not limited to any monies received by Plaintiffs from Worker's Compensation, insurer or agency that provided unemployment compensation benefits covering the applicable time periods raised by Plaintiff's Complaint.

8. Plaintiff's claims are barred in whole or in part in that Plaintiff failed to mitigate his damages, if any.

9. Plaintiff's claims are barred in whole or in part because Defendants properly paid Plaintiff all bona fide wages earned for work performed, and therefore was not in violation of the FLSA.

10. Plaintiff's claims, in whole or in part, are barred by applicable statutes of limitations.

11. To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor, Defendants cannot be liable for relief or recovery. This or other statutory affirmative defenses may apply to the claim of some or all of the class of allegedly similarly-situated persons.

12. Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the New York Labor Law. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## **RESERVATION OF RIGHTS**

Defendants hereby reserve the right to add or amend their Affirmative Defenses as and if necessary during the course of discovery in this case.

WHEREFORE, for the foregoing reasons, Defendants, RICARDOS MECHANICAL, INC., EDISON MOORE and LUANN WILLIAMS MOORE, respectfully request that this Court dismiss Plaintiff's Complaint, and grant Defendants all such other and further relief as this Court deems just and proper including but not limited to an award of all of Defendants' reasonable attorney's fees and costs incurred in defending this action, and all such other relief as is deemed just and equitable under the circumstances.

Respectfully Submitted,

Law Offices of Nolan Klein, P.A.
*Attorneys for Defendants*
Wells Fargo Tower – Suite 1500
One East Broward Boulevard
Fort Lauderdale, FL  33301
PH:     (954) 745-0588
FAX:   (877) 253-1691

By:  */s/ Nolan Klein*
           NOLAN KLEIN, ESQUIRE
           NK4223
           klein@nklegal.com
           amy@nklegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing instrument was e-filed with the Clerk

of the Court using CM/ECF, this **23rd** day of **May**, 2016.

By:  */s/ Nolan Klein*
           NOLAN KLEIN
           NK4223

## SERVICE LIST:

**JORDAN EL-HAG, ESQUIRE**
(JE3360)
777 Westchester Ave., Ste. 101
White Plains, NY 10604
TEL:   (914) 755-1579
FAX:   (914) 206-4176
**jordan@elhaglaw.com**
*Attorneys for Plaintiffs*

7